UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAURICE L. CAIN,

Petitioner,

v.

R. TIM O'DELL, Warden,

Respondent.

Civil No. 01-1933 (DWF/ESS)

**ORDER**

Petitioner, a prisoner at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his federal constitutional rights were violated when prison officials disciplined him for taking part in a three-way telephone conversation. The petition suggests (rather vaguely) that Petitioner has been deprived of some type of prison education opportunity as a result of the disciplinary action taken against him. However, there is no indication that the length of Petitioner's sentence has been directly affected by the disciplinary sanctions at issue. The only relief that Petitioner seeks is (i) an "order of expungement of said disciplinary actions from all records," (ii) an order that he be "placed at accordingly correct status as if incident that drew guilty verdict never happened," and (iii) an order that would invalidate the prison rule that he was found guilty of violating.

Although Petitioner has attempted to bring his claims under the federal habeas corpus statutes, those statutes do not provide an appropriate remedy for the type of claims that Petitioner is asserting. The federal habeas corpus statutes provide a remedy only for prisoners who are challenging the fact or duration of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v.

OCT 29 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

In this case, Petitioner is not challenging the validity of his conviction or sentence, nor is he otherwise challenging the duration of his confinement. Therefore, the remedy provided by the federal habeas corpus statutes is simply not available here. Petitioner's current claims -- challenging the conditions of his confinement, rather than the fact or duration of his confinement -- cannot be entertained in an action brought under 28 U.S.C. § 2254, or any other habeas corpus statute.

This is not to say, however, that there are no legal remedies of any kind for the claims that Petitioner is attempting to assert. If he believes that his rights under federal law or the Constitution have been violated, he may be entitled to seek relief in a traditional civil action -- i.e., a non-habeas action. In particular, he might be able to bring an action under 42 U.S.C. § 1983. Under different circumstances, moreover, it might even be possible to construe Petitioner's habeas corpus petition as a civil complaint seeking some other (non-habeas) form of relief. See e.g., Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991). It would not be appropriate to attempt to do that here, however, for two reasons.

First, Petitioner has not paid the proper filing fee for a non-habeas civil action. While the filing fee for a § 2254 habeas petition is only $5, the filing fee for a non-habeas civil

action is $150. 28 U.S.C. § 1914(a). In this case, Petitioner has paid only the $5 filing fee for a habeas corpus action. Thus, if Petitioner is interested in pursuing his claims in a non-habeas corpus action, he will have to pay another $145 to the Clerk of Court.[1] Petitioner may be able to avoid pre-paying the entire $150 filing fee, if he applies for, and is granted, leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. Even if he is granted IFP status, however, he will still have to satisfy the initial partial filing fee requirements prescribed by § 1915(b)(1), and he will ultimately have to pay the full remaining balance in installments pursuant to § 1915(b)(2).

In addition, it is not clear that the respondent named in Petitioner's current submissions -- R. Tim O'Dell -- would necessarily be the proper defendant in any non-habeas action that Petitioner might attempt to maintain. As the warden at PCF, O'Dell would be the proper respondent if this were a true habeas case, but someone else might be the proper defendant(s) in any civil rights action that Petitioner might try to maintain.

Because Petitioner has not paid the proper filing fee, and his current pleading does not clearly identify any civil (non-habeas) claims or who allegedly should be liable for such claims, it would not be appropriate for the Court, acting sua sponte, to "convert" Petitioner's current habeas petition into a non-habeas civil complaint. Instead, the petition will be returned to Petitioner pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases In The United States District Court, and Petitioner will be granted leave to file an entirely

---

[1] Petitioner cannot be excused from paying the $150 filing fee merely by calling his pleading a habeas corpus petition; otherwise any prisoner could simply submit his civil rights claims on a habeas petition and pay only a $5 filing fee, and then wait for the court to construe his "petition" to be a civil complaint. The $150 filing fee prescribed by Congress for non-habeas civil actions cannot be so easily circumvented.

new pleading to be entitled "Civil Complaint."

If Plaintiff elects to file a civil complaint he will have to follow the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11, and he will have to submit his pleading on the complaint form prescribed for prisoner civil rights actions filed in this district. See Local Rule 9.3. As previously noted, Petitioner will also be required to pay the statutory filing fee due for a non-habeas civil action, (namely $150), or else seek leave to proceed IFP. If he decides to apply for IFP status, he will have to (a) properly complete the IFP application form prescribed for use in this District, (including the "Certificate" section), and (b) tender that form with the proper amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).

If Petitioner elects to proceed with this action, he must satisfy the foregoing requirements by no later than November 21, 2001. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Finally, Petitioner should note that if he does file a new civil complaint, his pleading will be screened pursuant to 28 U.S.C. § 1915A. If the Court finds that Petitioner has failed to state a claim on which relief can be granted, his case will be summarily dismissed pursuant to § 1915A(b)(1).[2]

---

[2] At this point, of course, it cannot be determined whether Petitioner might be able to submit a viable civil complaint. Petitioner should note, however, that if he seeks relief under 42 U.S.C. § 1983, he will have to affirmatively allege, (and ultimately prove), that he has exhausted all available administrative remedies. See 42 U.S.C. § 1997e(a). If he files a new pleading that does not clearly demonstrate that he has fully exhausted all of his available administrative remedies, his case will be subject to summary dismissal. See McAlpine v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000). Petitioner should also be mindful of the principles discussed in Sandin v. Conner, 515 U.S. 472 (1995). There, the Supreme

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition to Petitioner, and retain a copy of it in the Court file;

2. Petitioner is granted leave to file a new pleading in this action, to be entitled "Civil Complaint," which shall comply with the pleading requirements prescribed at Fed. R. Civ. P. Rules 8-11 and Local Rule 9.3.

3. If Petitioner elects to file a Civil Complaint in this action, his new pleading must be accompanied by either (a) the filing fee for bringing a civil action in federal court -- namely another $145, or (b) a properly completed application for leave to proceed in forma pauperis, together with the initial partial filing fee prescribed by 28 U.S.C. § 1915(b)(1); and

4. If Petitioner has not satisfied all of the requirements of this order by November 21, 2001, it will thereafter be recommended that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: October 26, 2001

E.S. SWEARINGEN
United States Magistrate Judge

---

Court held that a prisoner cannot maintain a due process claim, based on the alleged deprivation of a constitutionally protected liberty interest, unless he can prove that he has suffered an "atypical and unusual" hardship "in relation to the ordinary incidents of prison life." Id. at 483. Nothing in Petitioner's current petition suggests that he can satisfy that requirement. Petitioner should study Sandin carefully before he commits himself to spending another $145 to pursue this matter. Based on what he has alleged so far, it seems virtually certain that he will not be able to plead any civil rights claim that could survive the initial screening mandated by § 1915A(a).