**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MAURICE L. CAIN,

Petitioner,

v.

TIMOTHY O'DELL,

Respondent.

Civil No. 01-1933 (DWF/ESS)

**REPORT AND RECOMMENDATION**

---

Petitioner, a prisoner at the Minnesota Correctional Facility in Appleton, Minnesota, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Docket Nos. 1 and 2. Because Petitioner's claims challenge the conditions of his confinement rather than the fact or the duration of his confinement, Petitioner's claims are not cognizable under 28 U.S.C. § 2254 or any other habeas corpus statute. The Court found that it would not be appropriate to construe Petitioner's habeas corpus petition as a civil complaint seeking some other (non habeas) form of relief but granted Petitioner leave to submit by November 21, 2001, a new pleading in this action to be entitled "Civil Complaint." See Order dated October 26, 2001, Docket No. 3.[1] That order warned Petitioner that if he failed to file a new pleading by November 21, 2001, "he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice." Id.

Petitioner has not responded to the Court's October 26 Order within the time allowed. Therefore, based on the Court's order and Petitioner's failure to respond to that order, the present action should be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co.,

---

[1] The Court also ordered that the original petition be returned to Petitioner.

DEC 20 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Dated: Dec. 20, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.